UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

PHAT PHU NGHIEM,
Petitioner,
v.
ANDRES QUINONES, et al.,
Respondents.

Case No. 8:26-cv-01438-SSC

MEMORANDUM AND ORDER

Though not detained, a citizen of Vietnam on an order of supervision from immigration officials brings this counseled habeas petition seeking various prospective injunctive relief, including to prevent his removal to a country other than Vietnam absent specified conditions. Because Petitioner's allegations of possible future injury are speculative and unsupported by the fact that he remains out of detention and not subject to any removal order, the Court dismisses the petition without prejudice.

# I

On June 4, 2026, Petitioner Phat Phu Nghiem filed a counseled petition for writ of habeas corpus by a person in federal custody pursuant to 28 U.S.C. § 2241. (ECF 1.) Petitioner is a noncitizen[1] who is not currently in immigration detention. (*Id.* at 2.)

The petition alleges the following facts. Petitioner came to the United States through the Orderly Departure Program in 1993. (*Id.* at 2, 7.) In October 2007, the Department of Homeland Security (DHS) commenced deportation proceedings against Petitioner based on a criminal conviction he had obtained in California state court. (*Id.* at 7.) On September 17, 2008, Petitioner was ordered removed, and the immigration court granted him deferral of removal under the Convention Against Torture. (*Id.* at 2, 7.) Petitioner was ultimately released on an order of supervision in 2009. (*Id.* at 7.)

Petitioner's immigration check-ins increased in frequency in the past year, and Petitioner began attending the check-ins with an attorney. (*Id.* at 8.) At a check-in on May 27, 2026, a deportation officer explained to Petitioner's attorney that "they were essentially under orders to detain everyone with a final order of removal." (*Id.* at

---

[1] Petitioner is a citizen of Vietnam. (ECF 1 at 5.)

Under the Immigration and Nationality Act (INA), the term "alien" means "any person not a citizen or national of the United States." 8 U.S.C. § 1101(a)(3). Following the lead of the U.S. Supreme Court and the Ninth Circuit, the Court uses the term "noncitizen" in place of "alien." *See Patel v. Garland*, 596 U.S. 328 (2022) (Barrett, J.); *United States v. Palomar-Santiago*, 593 U.S. 321 (2021) (Sotomayor, J.); *Barton v. Barr*, 590 U.S. 222, 226 n.2 (2020) (Kavanaugh, J.) ("This opinion uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" (citing 8 U.S.C. § 1101(a)(3))); *Avilez v. Garland*, 69 F.4th 525 (9th Cir. 2023); *Arce v. United States*, 899 F.3d 796 (9th Cir. 2018).

9.) The officer explained that such individuals "would be removed to their birth country, but if they could not be, then they would be removed to a third country." (*Id.*) The officer mentioned that some noncitizens from Vietnam were being sent to third countries. (*Id.*) The officer said that when Petitioner's name came up on their "list[,]" he would be detained. (*Id.*)

On June 1 and June 3, 2026, Petitioner's habeas counsel emailed the Acting Assistant Field Office Director (AFOD) who oversees the Santa Ana Field Office, inquiring whether Immigration and Customs Enforcement (ICE) intended to detain Petitioner prior to, or at, his next check-in on June 26, 2026. (*Id.*) Counsel also asked to what third country they planned to remove Petitioner. (*Id.* at 10.) On June 3, 2026, the AFOD responded that as of that date they had not received an order to detain Petitioner but that they "continue to receive updated lists for third-country charter flights on a regular basis" and so, Petitioner's "status may change as these lists are reviewed." (*Id.*) The response did not mention any particular third country. (*Id.*)

The petition brings three claims alleging (1) violation of the Fifth Amendment, 8 U.S.C. § 1231, and 8 C.F.R. §§ 241.4, 241.13; (2) violation of the Fifth Amendment's procedural due process clause; and (3) violation of the Fifth Amendment and 8 U.S.C. § 1231 regarding removal to a third country. (*Id.* at 17–31.)

Petitioner seeks an order (1) preventing his re-detention without complying with 8 U.S.C. § 1231 and 8 C.F.R. §§ 241.4, 241.13; (2) requiring Respondents to provide him a pre-deprivation hearing where the government must demonstrate compliance with the governing regulations; and (3) preventing his removal to a third country without advance notice and an opportunity to seek fear-based relief in reopened

immigration proceedings. (*Id.* at 3, 31–32.) Petitioner also requests attorney's fees under the Equal Access to Justice Act. (*Id.* at 32.)

Respondents answered the petition on June 11, 2026, arguing that the petition should be denied because it is unduly speculative and does not satisfy Article III. (ECF 9 at 2.) In particular, they state that "Petitioner's first and second counts relate to a speculative revocation of his OSUP and denial of a pre-deprivation hearing. But Petitioner is not in custody . . . ." (*Id.* at 3.) They further contend that "Petitioner's third count concerning potential third-country removal is likewise speculative, where he is not under such an order." (*Id.*) Petitioner filed a traverse (ECF 10), as well as two supplements to the petition informing the Court that he had attended scheduled immigration check-ins on June 26 and September 24, 2026, and had not been detained (ECF 11; ECF 14).

The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15.

**II**

Relief in the form of a writ of habeas corpus may be granted to a person in custody under the authority of the United States if the petitioner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). The writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004).

**III**

The Court agrees with Respondents that the petition must be denied because it is unduly speculative and does not satisfy the requirements of Article III standing.

**A**

Article III federal courts are limited to deciding "Cases" and "Controversies." U.S. Const. art. III, § 2. Article III's case-or-controversy requirement is the constitutional foundation that limits federal courts to deciding actual disputes, and standing is one of the core components that enforces this limitation. *See Food & Drug Admin. v. All. for Hippocratic Med.*, 602 U.S. 367, 380 (2024) ("In particular, the standing requirement means that the federal courts decide some contested legal questions later rather than sooner, thereby allowing issues to percolate and potentially be resolved by the political branches in the democratic process.").

To satisfy the requirements of Article III standing, plaintiffs must establish that they "have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citation omitted). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 339 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). "Allegations of possible future injury do not satisfy the requirements of Art[icle] III." *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990).

Standing and ripeness under Article III are closely related. *Colwell v. Dep't of Health & Hum. Servs.*, 558 F.3d 1112, 1123 (9th Cir. 2009). "For a suit to be ripe within the meaning of Article III, it must present concrete legal issues, presented in actual cases, not abstractions." *Id.* (citation modified). "The constitutional component of the ripeness inquiry is often treated under the rubric of standing and,

in many cases, ripeness coincides squarely with standing's injury in fact prong." *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir.2000)

**B**

Petitioner's first two claims pertain to a possible future revocation of his order of supervision and denial of a pre-deprivation hearing. Petitioner is not currently detained, and as Respondents assert, "DHS 'ha[s] not received an order to detain' him." (ECF 9 at 3 (quoting ECF 1-6 at 2).) Respondents also contend that Petitioner is subject to the same order of supervision as he was in 2009. (*Id.*) Thus, any injury is speculative at this time. *See Samhan v. Rios*, No. 2:26-cv-03064-KS, 2026 WL 2032305, at *5 (C.D. Cal. July 14, 2026) (finding alleged risk of re-detention of a petitioner with a final order of removal to be "wholly speculative" harm because the petitioner was not currently detained; he presented no evidence to indicate that the government was seeking his imminent re-detention; and he was released under an order of supervision, remaining free from custody for nearly two decades, while appearing for regular check-ins).

Petitioner cites *Ayala v. Albarran*, No. 5:26-cv-03092-BLF, 2026 WL 1179862 (N.D. Cal. Apr. 30, 2026) for support. (ECF 1 at 16.) In that case, the court granted a preliminary injunction due to risk that ICE would impermissibly re-detain the petitioner given the respondents' pattern of escalating measures taken with respect to the petitioner, including their repeated refusal to provide assurances that he would not be detained and their continued litigation of the case. *Ayala*, 2026 WL 1179862, at *2–4. Here, however, Petitioner's claim is undermined because he has appeared for regular immigration check-ins since he filed the petition and he has not been detained. Indeed, despite

his contention that he would be detained at his June 26, 2026 check-in, he was not detained when he attended it. (ECF 1 at 2; ECF 11-1 at 2.) Nor was he detained at his September 24, 2026 check-in.[2] (ECF 14 at 2; ECF 14-1 at 8–9.) Even were Petitioner's detention authorized and possible, without more, Petitioner has not shown that his arrest is "imminent." *Shentu v. Dir., ICE Honolulu Field Off.*, No. CV 26-00137 DKW-RT, 2026 WL 1296036, at *2 (D. Haw. May 12, 2026); *see Samhan*, 2026 WL 2032305, at *5.

Further, Petitioner's prospective re-detention claims assume that Respondents will not afford him all the process that he is due under the Constitution and will not follow their own regulations. Although Petitioner cites to past instances of such conduct (ECF 1 at 20–21), he has not sufficiently established such injury is imminent at this time.

As Petitioner has not shown an injury in fact he lacks standing, and because he has shown only that injury might occur in the future, these claims are not ripe.

**C**

Petitioner's third claim concerning potential third-country removal also fails to satisfy Article III.

Petitioner contends that he has been given no notice of the specific third country to which Respondents plan to remove him, "despite it being clear that they are intending to do a third-country removal." (ECF 1 at 29.)

When counsel asked DHS to which third country they intended to remove him, DHS responded that "[w]e continue to receive updated lists for third-country charter flights on a regular basis. Please note that

---

[2] Petitioner's next check-in appointment is scheduled for December 22, 2026. (ECF 14-1 at 9.)

your client's status may change as these lists are reviewed." (ECF 1-6 at 2.) Without more, removal to a third country "is likewise too speculative and hypothetical to give rise to a threat of injury sufficient to satisfy Article III standing." *Sydykov v. Noem*, No. 8:26-cv-00402-CAS-SK, 2026 WL 1195994, at *3 (C.D. Cal. Apr. 15, 2026) (citing *Serrato v. Clark*, 486 F.3d 560, 566 (9th Cir. 2007); *see Samhan*, 2026 WL 2032305, at *6–7 (finding that the petitioner's prospective third-country removal claim was not ripe because although the petitioner was subject to a final order of removal, there was no evidence at that juncture of any pending order of removal to a third country).

Accordingly, this claim too fails on standing and ripeness grounds.

**ORDER**

For the reasons set forth above, **IT IS ORDERED** that Judgment shall be entered dismissing the petition (ECF 1) without prejudice.

DATED: November 3, 2026

HONORABLE STEPHANIE S. CHRISTENSEN
UNITED STATES MAGISTRATE JUDGE